SAMUEL J. SPURGEON, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Spurgeon v. Commissioner
Docket No. 27751-89
United States Tax Court
T.C. Memo 1991-608; 1991 Tax Ct. Memo LEXIS 655; 62 T.C.M. (CCH) 1412; T.C.M. (RIA) 91608; December 9, 1991, Filed *655 Decision will be entered under Rule 155. Samuel J. Spurgeon, pro se. Albert B. Kerkhove, for the respondent. POWELL, Special Trial Judge. POWELL
MEMORANDUM OPINION This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
By statutory notice of deficiency, respondent determined deficiencies in petitioner's Federal income tax and additions to the tax for the years and in the amounts as follows: Additions to Tax, Sections
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
6654
1984
$ 1,350
$ 338
$ 68
*
$ 85
1985
1,431
358
72
*
82
Year
Deficiency
6651(a)(1)
6653(a)(1)(A)
6653(a)(1)(B)
6654
1986
$ 1,498
$ 375
$ 75
*
$ 72
1987
1,465
366
73
*
79
*656 The issues for decision are 1) whether petitioner received taxable income for each of the years in issue in the amounts determined by respondent, and if not, the proper amount of petitioner's taxable income, and 2) whether respondent properly determined additions to tax for failure to file tax returns, for negligence, and for failure to pay estimated income tax for each of the years in issue. The facts may be summarized as follows. Petitioner, Samuel Spurgeon, resided in Minatare, Nebraska, at the time he filed his petition. During the years in issue, he lived in rented houses. From 1974 to 1985, petitioner farmed land that was either owned by his family or that he rented from third parties. As a self-employed farmer, he planted corn, sugar beets, beans, and alfalfa. Petitioner's operating expenses included the cost of fertilizer, seed, and farm machinery. He quit the farming business after the 1985 season and began working at "odd jobs." In 1987, petitioner attempted to return to farming, but his crop was destroyed by a hail storm. Petitioner incurred farming expenses in the amount of $ 1,500 and received no income from his farming operation during 1987. Petitioner did *657 not keep books and records to substantiate his income and expenses for the years in issue and he filed no income tax returns. Respondent used the cash expenditures method to reconstruct petitioner's taxable income for these years. To determine petitioner's expenditures, respondent relied on Bureau of Labor statistics. These statistics reflect the average annual living expenses of a hypothetical family of four, under described circumstances, in defined localities. By adjusting the Bureau of Labor Statistics, respondent estimated petitioner's living expenses for a single taxpayer between the ages of 35 and 54 subsisting on an intermediate budget in a nonmetropolitan area in the North Central Region of the United States. Respondent established a base year income figure of $ 6,461 for 1981, used the Consumer Price Index to adjust that amount for inflation for each subsequent year, and determined that petitioner had income for the years 1984, 1985, 1986, and 1987 in the amounts of $ 7,365, $ 7,623, $ 7,817, and $ 8,076, respectively. Taxable Income. The issues here are purely factual. Section 6001 requires all taxpayers to maintain records sufficient to determine their correct *658 tax liability. In the absence of books and records, respondent may reconstruct the taxpayer's income through any reasonable method, and this includes indirect methods of proof. , affd. without published opinion . Congress intended that respondent should have great latitude to determine tax liability, particularly where the taxpayer fails to file a return or to maintain adequate records. . Respondent is given wide berth to make deficiency determinations, and the methods used need only be reasonable in light of the surrounding facts and circumstances. . Respondent reconstructed petitioner's income by using the cash expenditures method, an acceptable method used by respondent in the past to reconstruct a taxpayer's income. . In the absence of established expenditures and taxpayer cooperation, respondent may use the Bureau of Labor Statistics (BLS) method. *659 See also , affd. ; , affg. a Memorandum Opinion of this Court. Petitioner does not deny that he had income in each of the years here in issue, and he does not deny that he failed to file an income tax return for any of these years. While petitioner agrees that the actual amounts of his income were close to the estimated amounts determined by respondent, he contends that respondent was arbitrary in using the BLS method to determine his income without any modifications. Where, as here, petitioner had taxable income but no information could be acquired from the taxpayer to ascertain the amount of such income, it is not arbitrary for respondent to determine that the taxpayer had income at least equal to the cost of supporting himself. Nonetheless, we are unable to approve respondent's bottom line determinations for each year. The statistics relied upon provide information relating to an intermediate-level budget. In view of petitioner's apparent *660 lifestyle, a calculation based on the lower-level budget would have been more realistic. See . Taking this fact into account, we reduce the amount of taxable income for each year by $ 500. In addition, petitioner's taxable income for 1987 should be reduced by $ 1,500 to reflect the loss from the farming operation. The Court recognizes that it must estimate the amount of the loss and that the loss may have been greater. However, the inexactitude is of petitioner's own making, and his failure to keep records weighs against him. See . Additions to Tax
Section 6651(a)(1) imposes an addition to tax for failure to file a return unless it is shown that such failure is due to reasonable cause and not due to willful neglect. Petitioner has not shown any reason, much less reasonable cause, for his failure to file returns, and we sustain the section 6651(a)(1) addition to tax for each year. Section 6654 provides for an addition to tax if estimated taxes are underpaid. During 1984 and 1985 petitioner was a farmer as defined in sections 6654(b)(1) and *661 6073(b) for 1984 and section 6654(i)(2) for 1985. For 1984 section 6654 provided that for farmers the underpayment was the excess of the amount of the installment that would be required to be paid if the estimated tax were equal to 66 2/3 percent of the tax shown on the return or of the previous year's liability. Sec. 6654(b)(1) and 6654(d). Petitioner has not shown that any exception applies for that year. For the 1985 taxable year, the section 6654 addition to tax, however, must be determined pursuant to section 6654(i), [2] which provides a special rule for calculating the amount of the addition to tax for farmers. Respondent failed to take this special rule into account. For the 1986 and 1987 taxable years, petitioner did not meet the definition of a "farmer" contained in section 6654(i)(2), and we sustain the section 6654 addition to tax for those years. *662 Finally, we must determine if any part of petitioner's underpayment of tax for the years at issue was due to negligence or intentional disregard of rules or regulations within the meaning of section 6653(a). At no time during the trial did petitioner explain why he failed to pay Federal income tax or why he failed to file returns, and the entire underpayments for all years were due to his failure to file returns and pay the taxes. Hence, respondent's determination on this issue must be sustained. Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50% of the interest due on the income tax deficiency.↩
2. Sec, 6654(i), Special Rules For Farmers And Fishermen, was added to the Code by the Deficit Reduction Act of 1984, Pub. L. 98-369, sec. 411, 98 Stat. 791 and is applicable to tax years beginning after 1984.↩